[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11057

_____

D. C. Docket No. 06-60241-CV-CMA

SAINVILUS FRANCOIS,
and other similarly-
situated individuals,

Plaintiff-Appellee,

versus

FRIED GREEN TOMATOES, INC.,
BILLIE GENNILL,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 30, 2008)**

Before BIRCH and FAY, Circuit Judges and RODGERS,[*] District Judge.

_____

[*] Honorable Margaret C. Rodgers, United States District Judge for the Northern District
of Florida, sitting by designation.

PER CURIAM:

Fried Green Tomatoes, Inc. and Billie Gemmill (collectively "Fried Green Tomatoes") appeal the district court's order denying their motion for a judgment as a matter of law and for a new trial. The district court determined that there was sufficient evidence for a reasonable jury to find that Fried Green Tomatoes had gross revenues that exceeded $500,000 per annum, thus requiring it to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (1998). After reviewing the record and the parties' briefs, we AFFIRM the district court's decision and REMAND for the purpose of calculating attorneys' fees.

## I. BACKGROUND

In February 2006, Sainvilus Francois filed suit in the Northern District of Florida against Fried Green Tomatoes, Inc., a restaurant, and Gemmill, its owner, for violations of the overtime provision of the FLSA, 29 U.S.C. § 207(a)(1).[1] In particular, he alleged that they had not paid him time-and-a-half for his overtime work at the restaurant for the preceding three years. Fried Green Tomatoes asserted that it was not a covered employer under the FLSA, since its annual gross

---

[1] Francois also alleged that Fried Green Tomatoes and Gemmill had failed to comply with Florida's minimum wage law and had willfully violated the FLSA. The district court rejected the former claim on summary judgment. The jury accepted the latter claim and the district court found this decision supported by substantial evidence. Neither party has appealed these decisions.

revenues were less than $500,000 for that entire time period.[2] <u>See</u> 29 U.S.C.

§ 203(s)(1)(A)(ii) (defining an "enterprise engaged in commerce" as one "whose

annual gross volume of sales made or business done is not less than $500,000").  In

particular, it noted that its ledger sheets showed annual sales of between $464,000

and $496,000 for that period and that any excess revenues it had were <u>de</u>

<u>minimus</u> and insufficient to boost those totals over $500,000.  Francois put forward

evidence indicating that Fried Green Tomatoes paid the wages of multiple

employees without reporting these payments to the government.  He contended that

Fried Green Tomatoes made these payments from the gross revenues prior to

calculating the ledger sheets, which would make the real gross revenue figures

exceed the $500,000 threshold.

The jury accepted Francois's argument and returned a verdict in his favor.

Fried Green Tomatoes subsequently filed a motion for a new trial or a judgment as

a matter of law, pursuant to Federal Rules of Civil Procedure 50(b) and 59.  The

district court found that there was sufficient evidence in the record to support the

jury's finding regarding the amount of gross annual sales and thus rejected the

motion.  Fried Green Tomatoes has appealed the denial for a judgment as a matter

---

[2] This was the only remaining question of fact, since Fried Green Tomatoes had already stipulated that it met all the other requirements for coverage under the FLSA.

of law.[3]

## II. DISCUSSION

We review denials of motions for judgment as a matter of law de novo, based on the same standards used by the district court. See Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1299 (11th Cir. 2007). "In considering the sufficiency of the evidence that supports the jury's verdict, we review the evidence in the light most favorable to, and with all reasonable inferences drawn in favor of, the nonmoving party." Id. at 1299–300 (quotation marks omitted). We will reverse such a denial "only if the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict." Action Marine, Inc, v. Continental Carbon, Inc., 481 F.3d 1302, 1309 (11th Cir. 2007) (quotation marks and citation omitted).

Our examination of the evidence here is limited to addressing the question of whether the record contained sufficient evidence for the jury to reasonably find that Fried Green Tomatoes had gross annual revenues of $500,000 or more for 2003, 2004, and 2005. Based on the restaurant's ledger sheets, it had gross sales of at

---

[3] Fried Green Tomatoes's briefs do not mention the district court's denial of its motion for a new trial pursuant to Federal Rule of Civil Procedure 59. We thus need not address that part of the district court's decision. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir.1989) (any issues not argued on appeal are deemed to have been waived).

least $466,187 in 2003, $464,583 in 2004 and $495,619 in 2005.[4] On their own,

these revenues would fall short of the $500,000 requirement for FLSA eligibility.

However, Fried Green Tomatoes also took in revenue that was not included in

those figures — a fact acknowledged by both parties, though they disagreed about

the actual unreported amount. The jury thus had to determine whether there was

enough evidence to show that the restaurant's cumulative unreported sales would

cover the difference between the reported gross revenues and the $500,000 FLSA

threshold.

There were a number of potential bases the jury could have relied on in

support of its decision. Gemmill conceded that some sales were not included on

the ledger sheet, primarily when customers would help themselves to pastries or

coffee and leave cash on the counter without anyone ringing up their purchase on

the register. The actual amount of these undisclosed sales is uncertain, but

Gemmill indicated that it could be up to $10 a day, though it was usually less.

Additionally, Gemmill confirmed that Francois and other employees were paid

most or all of their wages "off the books," i.e. in cash from the register. Gemmill

---

[4] The 2003 and 2004 totals match the amounts reported on the tax returns for those two years. The 2005 figure is slightly higher than the $495,056 listed on the tax return for that year. Since Fried Green Tomatoes mentioned the ledger sheet total in its brief, and not the tax return one, we will use that figure as our baseline. We likewise find that these ledger sheets provide sufficient evidence for a jury to assume gross sales of at least that total.

asserted that she made these payments after calculating the register totals found on the ledger sheets. However, there was testimony by other witnesses from which the jury could reasonably infer that this was not the case. Miguel Padilla, who leased the restaurant from Gemmill in December 2005 and was trained by her as to how to run the restaurant, stated that he paid the cash wages prior to calculating the gross revenues. Though Padilla subsequently recanted this testimony, the jury could have evaluated his two statements and reasonably found his later testimony to be a non-credible attempt to avoid liability. On this basis, the jury could have viewed these "off the books" wages as constituting unreported gross revenues. Both parties concede that the sum total of such wages described by witnesses at trial, if combined with the reported gross revenues, would make the actual gross sales exceed the $500,000 threshold.[5] Assuming the jury accepted the veracity of all of this testimony, it thus would have been reasonable in concluding that Fried Green Tomatoes had sufficient gross revenues to make it subject to the FLSA.

Fried Green Tomatoes argues that the jury and district court improperly disregarded its explanation that the unreported wages were paid out of the reported

---

[5] Though there is some discrepancy between the parties' briefs, they both list amounts in excess of $37,900 for each year. These figures are somewhat higher than those found by the district court—$37,505 in 2003, $35,468 in 2004, and $36,081. Regardless of which of these is the correct total, they all would be greater than the gap between the reported gross sales and the $500,000 requirement.

6

gross revenues. We acknowledge that there is some evidence in the record that could support this explanation, especially given that under-reporting wages would limit Gemmill's potential tax deductions. This evidence, however, is not so overwhelming as to compel a jury to reach the conclusion suggested by Fried Green Tomatoes. Given that we must draw all evidentiary inferences in Francois's favor, there was a sufficient basis for the jury to reject Fried Green Tomatoes's explanation, to accept that the "off the books" wages represented unreported gross revenues, and to determine that the actual gross revenues would thus exceed $500,000. Accordingly, we find that the district court did not err in denying Fried Green Tomatoes's motion for a judgment as a matter of law.[6]

Based on this conclusion, Francois is a prevailing party entitled to reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b). The district court stayed consideration of the appropriate fees calculation pending our decision in this appeal. We thus remand this case for the sole purpose of determining the correct amount of attorneys' fees.

---

[6] Since we find that the jury's conclusion regarding gross revenues was reasonable for all three years, we do not need to address Fried Green Tomatoes's subargument regarding a potential grace period from liability based on 29 C.F.R. § 779.268. This regulation would have affected the damages calculation if we had determined that the restaurant's gross revenues exceeded $500,000 for only the twelve-month period ending on December 31, 2005. In such an instance, the restaurant would have been free from liability until the second quarter of 2006. See 29 C.F.R. § 779.268.

### III. CONCLUSION

Fried Green Tomatoes appeals the district court's denial of its motion for a judgment as a matter of law, arguing that its gross revenues were insufficient for a jury to find it subject to FLSA liability. Based on the evidence presented at trial, there was a reasonable and sufficient basis for finding that its aggregate gross sales exceeded the $500,000 required under the FLSA. We thus AFFIRM the district court's decision and REMAND for the purpose of calculating the appropriate amount of attorneys' fees.